UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MIA CHRISTMAN,

Plaintiff,

v.

NDOC, *et al.*,

Defendants.

Case No. 2:25-cv-02107-MMD-NJK

SCREENING ORDER

Pro se Plaintiff Mia Christman, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 1-1 ("Complaint")) and an application to proceed *in forma pauperis* (ECF Nos. 1, 5). Because Christman is unable to pay the full filing fee, the Court grants her application to proceed *in forma pauperis*. The Court now screens Christman's Complaint under 28 U.S.C. § 1915A.

I.      **SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id*.

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide

the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.    SCREENING OF COMPLAINT

In her Complaint, Christman sues multiple Defendants for events that took place while she was incarcerated at Florence McClure Women's Correctional Center ("FMWCC").[1] (ECF No. 1-1 at 1.) Christman sues Defendants the NDOC,[2] Director James Dzurenda, Warden William Reubart, Assistant Warden Jennifer Nash, Assistant Warden Frank Dreesen, Medical Director Kenneth Williams, and Nurse Jane Doe. (*Id.* at 1-2.) Christman brings three claims and seeks monetary relief. (*Id.* at 3-6.)

Christman alleges the following. On June 18, 2024, during an emergency medical appointment, Christman needed medical care for flu-like symptoms. (ECF No. 1-1 at 3.) Nurse Doe told Christman to sign some paperwork. (*Id.*) Christman requested Nurse Doe's name and asked why she had to sign the paperwork. (*Id.*) Nurse Doe screamed at Christman and asked if her only wanted to know Doe's name because she was going to

---

[1]Plaintiff is now housed at Jean Conservation Camp. (ECF No. 1-1 at 1.)

[2]The Court dismisses with prejudice all claims against the NDOC because the NDOC is an arm of the State of Nevada and is not a "person" for purposes of 42 U.S.C. § 1983. *See Doe v. Lawrence Livermore Nat. Lab.*, 131 F.3d 836, 839 (9th Cir. 1997).

file a grievance against Doe. (*Id.*) When Nurse Doe proceeded to check Christman's blood pressure, Christman told a correctional officer that she was uncomfortable with Doe examining her. (*Id.*) Nurse Doe then threw a folder at Christman and told her that she had to pick up the folder to continue the examination. (*Id.*) Finally, Nurse Doe roughly examined Christman's ears and continued ranting against Christman. (*Id.*) Christman also suffered from high blood pressure that stemmed from the anxiety of dealing with Nurse Doe. (*Id.* at 3, 7-8.) At the conclusion of the examination, Nurse Doe provided Christman with allergy medication to treat her symptoms. (*Id.* at 3, 7.)

Based on these allegations, Christman raises a First Amendment retaliation claim and two claims relating to medical care, which the Court interprets as a single claim for deliberate indifference to a serious medical need claim under the Eighth Amendment. (ECF No. 1-1 at 3-6.) The Court also interprets Christman as raising an Eighth Amendment excessive force claim.

### A.    Retaliation Claim

Prisoners have a First Amendment right to file prison grievances and to pursue civil rights litigation in the courts. *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). "Without those bedrock constitutional guarantees, inmates would be left with no viable mechanism to remedy prison injustices. And because purely retaliatory actions taken against a prisoner for having exercised those rights necessarily undermine those protections, such actions violate the Constitution quite apart from any underlying misconduct they are designed to shield." *Id.*

To state a viable First Amendment retaliation claim in the prison context, a plaintiff must allege: "(1) [a]n assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.* at 567-68. Total chilling is not required; it is enough if an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. *Id.* at 568-69. A plaintiff who fails to allege

a chilling effect may still state a claim if he alleges that he suffered some other harm that is more than minimal. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012).

The Court finds that Christman fails to state a colorable retaliation claim on screening. Liberally construing the allegations of the Complaint, Nurse Doe threatened to stop Christman's medical examination if she did not sign the necessary paperwork. And when Christman told a correctional officer that she felt uncomfortable with Doe examining her, Doe threw a folder at her. Based on these allegations, Doe's conduct, while unprofessional, posed only minimal harm and would not chill or silence a person of ordinary firmness from future First Amendment activities. *See id.* at 1115 (listing examples of "more than minimal harms," including filing false disciplinary charges against a prisoner, placement in segregation, or interference with a parole hearing). Thus, this Court dismisses this claim with prejudice, as amendment would be futile.

### B.    Deliberate Indifference Claim

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies 'broad and idealistic concepts of dignity, civilized standards, humanity, and decency.'" *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference."  *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 1076, 1082-83 (9th Cir. 2014).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citation modified). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or

possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (internal quotations omitted). When a prisoner alleges that delay of medical treatment evinces deliberate indifference, the prisoner must show that the delay led to further injury. *See Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (holding that "mere delay of surgery, without more, is insufficient to state a claim of deliberate medical indifference").

Christman alleges a deliberate indifference to a serious medical need claim regarding her flu-like symptoms and high blood pressure. However, Christman cannot demonstrate deliberate indifference. First, Christman fails to allege that she suffered from a serious medical need because she merely alleges that she had flu-like symptoms and high blood pressure caused by anxiety. *See Jett*, 439 F.3d 1096. Second, the facts show that Doe, though unprofessional, examined Christman and prescribed her allergy medication to treat her symptoms. To the extent Christman disagrees with Doe's form of treatment, her claim fails. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2002) (noting that a mere difference in medical opinion is insufficient as a matter of law to establish deliberate indifference). Christman's claim is thus dismissed with prejudice, as amendment would be futile.

### C.   Excessive Force Claim

When a prison official stands accused of using excessive physical force in violation of the cruel and unusual punishment clause of the Eighth Amendment, the question turns on whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the purpose of causing harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21 (1986)). In determining whether the use of force was wanton and unnecessary, it may also be proper to consider factors such as the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials,

and any efforts made to temper the severity of a forceful response. *Hudson*, 503 U.S. at 7. Although an inmate need not have suffered serious injury to bring an excessive force claim against a prison official, the Eighth Amendment's prohibition on cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force. *Id.* at 9-10.

The Court finds that Christman fails to state a colorable excessive force claim on screening. Christman alleges that when she raised concerns about Doe roughly examining her, Doe threw a folder at her. The subjective part of the excessive force test may have been met because Doe's use of force was not justified based on Christman's allegations. But Christman fails to meet the objective part in that she has only stated a *de minimus* harm without actual injury because Doe only threw a folder at her. Therefore, the Court dismisses this claim with prejudice, as amendment would be futile.

### D.    Remaining Defendants

Christman includes Defendants Dzurenda, Reubart, Nash, Dreesen, and Williams in the caption of the Complaint. (ECF No. 1-1 at 1-2.) Though Christman lists these Defendants as parties to this action, she fails to mention them anywhere else in the body of the Complaint, making the Court unable to ascertain what claims, if any, Christman has against them. *See* Fed. R. Civ. P. 8(a)(2); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding that a defendant is liable under 42 U.S.C. § 1983 "only upon a showing of personal participation by the defendant."). The Court, therefore, dismisses Defendants Dzurenda, Reubart, Nash, Dreesen, and Williams without prejudice from the Complaint.

Because the Court has dismissed Christman's claims with prejudice, the Court dismisses the entire Complaint with prejudice as amendment would be futile, and orders the Clerk of the Court to close this case and enter judgment. *See Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (stating that a district court is not required to grant leave to amend a complaint if the complaint could not possibly be cured by the allegation of other facts).

## III.     CONCLUSION

It is therefore ordered that the application to proceed *in forma pauperis* without having to prepay the filing fee (ECF No. 5) is granted. Christman shall not pay an initial installment fee, prepay fees or costs, or provide security for fees or costs, but she is still required to pay the full $350 filing fee under 28 U.S.C. § 1915.

It is further ordered that, under 28 U.S.C. § 1915, the NDOC will forward payments from the account of Mia Christman, 1181869, to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this order to the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

The Clerk of the Court is directed to file the Complaint (ECF No. 1-1) and send Christman a courtesy copy.

It is further ordered that the Complaint (ECF No. 1-1) is dismissed with prejudice, as amendment would be futile, for failure to state a claim.

The Clerk of the Court is directed to enter judgment and close this case. No documents may be filed in this now-closed case.

It is further ordered that the Court certifies that any *in forma pauperis* appeal from this order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

DATED THIS 9th Day of July 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE